UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUINTEISE DOUGLAS,
MARKISHA WILSON, and
J.R., a minor by his mother
and natural guardian,
MARKISHA WILSON,

    Plaintiffs,

v.                              Case No. 8:24-cv-2569-VMC-AAS

SHERIFF GRADY JUDD, in his
official capacity as Sheriff
of Polk County, Florida,
JESSICA WILLIAMS, individually,
and DIAMOND HAYNES,
individually,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants' Sheriff Grady Judd, Jessica Williams, and Diamond Haynes' Motion to Dismiss Amended Complaint (Doc. # 14), filed on December 3, 2024. Plaintiffs Quinteise Douglas, Markisha Wilson, and J.R. responded to Defendants' Motion on December 19, 2024. (Doc. # 26). For the reasons that follow, the Motion is granted in part and denied in part.

**I.   Background**

According to the amended complaint, this case arises from Plaintiffs' arrest during the early morning hours of

1

April 24, 2022. (Doc. # 3 at ¶ 31). Plaintiffs were allegedly arrested by Deputy Haynes without a warrant and without probable cause. (Id.). The arrest occurred after an incident involving Deputy Williams several hours earlier on April 23, 2022. (Id. at ¶¶ 23-30).

Specifically, all Plaintiffs were at Plaintiff Wilson's residence, which is near the residence of Deputy Williams. (Id. at ¶¶ 23-24). A dog owned by Deputy Williams' next-door neighbor allegedly "ran loose and attacked a small child related to the Plaintiffs in [Wilson's] backyard." (Id. at ¶ 24). "After grabbing and biting the child, the dog then attacked the Wilson family dog." (Id.). It is alleged that the family members at Wilson's residence chased the dog, and that Wilson stopped Deputy Williams in her police cruiser and asked her for help. (Id. at ¶ 25). Plaintiffs further allege that Deputy Williams proceeded to her own house, did not render aid to the Wilson family, and instead acted to protect her neighbor and her neighbor's dog. (Id. at ¶¶ 27-28).

According to Plaintiffs, Bartow Police Department officers appeared at the scene and Deputy Williams confirmed with them that Plaintiffs had not assaulted or touched her. (Id. at ¶ 29). "None of the Plaintiffs illegally entered onto [Deputy Williams'] property or into her house." (Id.).

Nevertheless, Plaintiffs were allegedly arrested by Deputy Haynes hours later and all charged with "burglary with assault," while Plaintiff Douglas was additionally charged with "simple assault" and "corrupt by threat public servant." (Id. at ¶¶ 31-32, 35). All charges were subsequently dismissed. (Id. at ¶¶ 36-38).

Plaintiffs initiated this action on November 4, 2024. (Doc. # 1). The amended complaint asserts the following claims: false arrest and false imprisonment claims against Deputy Haynes under 42 U.S.C. § 1983 (Count I); state law false arrest and false imprisonment claims against Deputy Haynes and Sheriff Judd (Counts II and III); malicious prosecution claims under Section 1983 and state law against Deputies Williams and Haynes (Counts IV and V); and defamation and intentional infliction of emotional distress claims against Deputy Williams (Counts VI and VII). (Doc. # 3).

Defendants now move to dismiss the amended complaint. (Doc. # 14). The Motion is fully briefed (Doc. # 26), and ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the

3

plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## II. Analysis

Defendants seek to dismiss Plaintiffs' false arrest and false imprisonment claims, malicious prosecution claims, defamation claim, and intentional infliction of emotional distress claim.

1. **False Arrest and False Imprisonment Claims**

Defendants move to dismiss the false arrest and false imprisonment claims brought under Section 1983 and state law. (Doc. # 14 at 3-8). Defendants assert that Plaintiffs fail to defeat qualified immunity because they have not plausibly alleged that Deputy Haynes lacked probable cause to arrest them. (Id. at 6). Defendants further contend that, because there is no underlying false arrest by Deputy Haynes, there is no basis for vicarious liability, and therefore the state law claims against Sheriff Judd must also fail. (Id. at 8).

Qualified immunity is a complete defense to Section 1983 claims. Grider v. City of Auburn, 618 F.3d 1240, 1254 (11th Cir. 2010). "Police officers acting in their discretionary authority are entitled to qualified immunity from suit unless a plaintiff can establish that (1) the officer violated a constitutional right, and (2) the right violated was clearly established." Alston v. Swarbrick, 954 F.3d 1312, 1318 (11th Cir. 2020).

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a [Section] 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." Brown v. City of Huntsville, 608

F.3d 724, 734 (11th Cir. 2010). Probable cause is also a complete bar to a state law action for false arrest and false imprisonment. Bolanos v. Metro. Dade Cty., 677 So. 2d 1005 (Fla. 3d DCA 1996).

"To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause." Brown, 608 F.3d at 734 (citation omitted). "Arguable probable cause exists where 'reasonable officers in the same circumstances and possessing the same knowledge as the [arresting officer] could have believed that probable cause existed to arrest Plaintiff[s].'" Grider, 618 F.3d at 1257 (citation omitted); see also Andrews v. Scott, 729 F. App'x 804, 810 (11th Cir. 2018) ("We need not determine at this stage whether 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff.'"). The arguable probable cause inquiry in a false arrest case is the same as the clearly established law inquiry in any other qualified immunity case. Garcia v. Casey, 75 F.4th 1176, 1187 (11th Cir. 2023).

Defendants argue that the amended complaint "does not plausibly allege that Deputy Haynes did not have a reasonable basis to believe that there was probable cause to arrest

6

Plaintiffs." (Doc. # 14 at 6-7). The Court disagrees. Plaintiffs allege that a family member was attacked by a dog belonging to Deputy Williams' neighbor, that Deputy Williams arrived at her home, that Plaintiffs neither touched nor assaulted Deputy Williams, and that Plaintiffs did not illegally enter onto Deputy Williams' property or into her home. (Doc. # 3 at ¶¶ 24, 28-29). Accepting these allegations as true, an officer could not have reasonably concluded that there was a substantial chance Plaintiffs had engaged in criminal activity – that is, committed burglary with assault, simple assault, or corrupt by threat public servant. See Neira v. Gualtieri, No. 8:22-CV-1720-CEH-UAM, 2023 WL 6255012, at *9-10 (M.D. Fla. Sept. 26, 2023) (denying qualified immunity on motion to dismiss because the alleged events leading up to the arrest, including a bar fight, were insufficient to allow a reasonable officer to conclude there was a substantial chance that the plaintiff had engaged in criminal activity).

Plaintiffs have met their burden at this stage of demonstrating that there was no arguable probable cause for their arrests. Defendants' argument that qualified immunity bars Plaintiffs' claims against Deputy Haynes thus fails. The argument that the claims against Sheriff Judd should be dismissed similarly fails. The Motion is therefore denied as

7

to Counts I, II, and III. Defendants may, of course, raise the qualified immunity defense again on a motion for summary judgment.

### 2. Malicious Prosecution Claims

Next, Defendants argue that Plaintiffs' malicious prosecution claims should be dismissed for failure to state a claim. Defendants contend that, rather than alleging that their arrest was a seizure pursuant to a legal process, as required under Section 1983, the amended complaint instead alleges that Plaintiffs were arrested without a warrant or probable cause. (Doc. # 14 at 8-9). The Court agrees. Notably, Plaintiffs' response does not address this argument.

To establish a claim for malicious prosecution under Section 1983, a plaintiff "must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [their] Fourth Amendment right to be free of unreasonable seizures." Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004)). "But the illegal seizure cannot be just any seizure: unlike the torts of false arrest and false imprisonment, the tort of malicious prosecution requires a seizure 'pursuant to legal process.'" Black v. Wigington, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted).

8

Indeed, "a warrantless arrest cannot serve as the predicate Fourth Amendment seizure for purposes of [a Section] 1983 malicious prosecution claim." Donley v. City of Morrow, 601 F. App'x 805, 814 (11th Cir. 2015) (per curiam); see also Sullenberger v. City of Coral Gables, No. 22-CV-21830, 2025 WL 101703, at *23-28 (S.D. Fla. Jan. 15, 2025) (granting motion to dismiss a Section 1983 malicious prosecution claim because the plaintiff did not allege "that he suffered a seizure that was pursuant to some legal process"). As Defendants point out, the amended complaint only references a warrantless arrest and does not allege that Plaintiffs suffered a seizure pursuant to legal process. Therefore, Plaintiffs' malicious prosecution claim under Section 1983 against Deputies Haynes and Williams must be dismissed.

However, Defendants do not cite legal authority establishing that the same standard regarding a seizure pursuant to legal process applies to the state law malicious prosecution claims. Defendants have thus failed to establish that dismissal of Plaintiffs' state law claims against Deputies Haynes and Williams for malicious prosecution is warranted.

Accordingly, the Motion is granted as to Count IV and denied as to Count V.

### 3. Defamation Claim

Defendants also seek to dismiss Plaintiffs' defamation claim for failing to state a claim. (Doc. # 14 at 9). Defendants emphasize that the amended complaint does not specify any allegedly defamatory statement, and instead "leav[es] a blank space between [a] set of quotation marks in paragraph 74." (Id.). Plaintiffs acknowledge this drafting error and request that the Court dismiss Count VI with leave to amend so that it can be pled with the required specificity. (Doc. # 26 at 2). Defendants do not oppose Plaintiffs' request. (Id.). Accordingly, the Motion is granted as to Count VI. Plaintiffs may amend the complaint to add allegations supporting the defamation claim, if possible.

### 4. Intentional Infliction of Emotional Distress Claim

Finally, Defendants argue that Plaintiffs' intentional infliction of emotional distress claim should be dismissed. (Doc. # 14 at 9-10). Defendants submit that the cause of action is sparingly recognized in Florida and that "Deputy Williams' alleged conduct is not such that it goes beyond all possible bounds of decency." (Id. at 10). However, at this stage, Plaintiffs have sufficiently stated a claim.

10

Under Florida Law, a claim for intentional infliction of emotional distress requires that a plaintiff prove: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990); see also Tillman v. Orange Cty., 519 F. App'x 632, 636 (11th Cir. 2013) (holding that "police officers falsif[ying] charging documents in order to convict a man of a nonexistent crime . . . is the type of extreme conduct considered to be intolerable in a civilized society"). The amended complaint alleges that Deputy Williams "fabricat[ed] a story" and "falsely accused and initiated the arrest and prosecution" of Plaintiffs without any evidence that they committed a crime. (Doc. # 3 at ¶¶ 77, 78, 82).

Viewing these allegations in the light most favorable to Plaintiffs, the Court declines to dismiss Plaintiffs' intentional infliction of emotional distress claim. See Barmapov-Segev v. City of Miami, No. 19-23742-CIV, 2019 WL 6170332, at *6 (S.D. Fla. Nov. 20, 2019) (declining to dismiss intentional infliction of emotional distress claim where a safety officer "made false accusations against the Plaintiff to 'punish' her, which led to her arrest and malicious

prosecution"). Therefore, the Motion is denied as to Count VII.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Dismiss Amended Complaint (Doc. # 14) is **GRANTED in part** and **DENIED in part** as set forth herein.

(2) Count IV is dismissed with prejudice. Count VI is dismissed with leave to amend.

(3) To amend the dismissed defamation claim, Plaintiffs must file a second amended complaint by March 27, 2025.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of March, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE